UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:16-cv-02993 AC P<br><br><br><br>ORDER |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a petition (ECF No. 1) which, for the reasons stated below, does not state any viable federal claim. Petitioner has also filed an application to proceed in forma pauperis, which will be granted. ECF No. 3.

**I.  Application to Proceed In Forma Pauperis**

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit and his application will be granted.

**II.  Legal Standards**

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

### III. Background

The conviction underlying this petition occurred on May 14, 2010 in the Sacramento County Superior Court. ECF No. 1 at 1. Petitioner was sentenced as a "three-striker" (Cal. Penal Code §§ 667(b)-(i), 1170.12(a)-(d)) and given twenty-five years to life. ECF No. 1 at 1. The petition indicates that, on September 2, 2016, the state court of appeal declined to address the merits of his petition for resentencing after determining that it was untimely. Id. at 23-27. The California Supreme Court then denied his petition for review of that decision. Id. at 34. He now argues that the California Supreme Court's 2015 decision in People v. Johnson, 61 Cal.4th 674, 681-82 (2015) entitles him to a merits decision from this court on his petition for sentencing relief. ECF No. 1 at 5-8.

### IV. Analysis

This petition fails to state a cognizable federal habeas claim. Petitioner is not entitled to habeas relief unless his detention violates the Constitution, a federal statute, or a treaty. 28 U.S.C. § 2241(c)(3). The immediate challenge is most appropriately construed as a challenge to the state's post-conviction review process. Federal habeas relief is not available for petitions alleging only error in the state post-conviction review process. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that habeas court will not review state law questions); see also Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989).

The same is true even if the petition is construed as a challenge to petitioner's state sentence itself – another issue that sounds purely in state law. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." Wilson v. Corcoran, 562 U.S. 1, 5 (2010); see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Petitioner has not made a prima facie, or indeed alleged any facts, showing that his sentence is fundamentally unfair or that it is "so

////

arbitrary or capricious" that it constitutes an independent due process violation. See Richmond v. Lewis, 506 U.S. 40, 50 (1992).

Petitioner has consented to the magistrate judge's jurisdiction (ECF No. 4) and, consequently, will not have an opportunity to object to the dismissal of this petition on screening. Accordingly, the court will afford petitioner an opportunity to show cause why his petition should not be dismissed with prejudice. Petitioner's response to this order should explain why his petition may be construed to state a cognizable federal habeas claim.

**V. Conclusion**

It is HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 3) is granted; and

2. Within thirty days from the date of this order's entry, petitioner shall show cause, in writing, why his petition should not be dismissed for failure to state a cognizable federal claim.

DATED: June 29, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE