UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:16-cv-02993 AC P<br><br><br><br>ORDER |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 30, 2017, the court determined that the immediate petition failed to state a cognizable federal habeas claim. ECF No. 5. It offered petitioner an opportunity to show cause why his petition should not be dismissed. Id. Petitioner has filed a response. ECF No. 8. After review of that response, the court concludes that this petition should be dismissed.

**I.  Legal Standards**

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

**II.     Background**

The conviction underlying this petition occurred on May 14, 2010 in the Sacramento County Superior Court. ECF No. 1 at 1. Petitioner was sentenced as a "three-striker" (Cal. Penal Code §§ 667(b)-(i), 1170.12(a)-(d)) and given twenty-five years to life. ECF No. 1 at 1. Petitioner later filed eight post-conviction petitions seeking recall of sentence pursuant to California Penal Code Section 1170.126 ("§ 1170.126"), the Three Strikes Reform Act of 2012, which provides for recall and resentencing in some "three strikes" cases. Id. at 25-26. On September 2, 2016, the state court of appeal declined to address the merits of the final petition after determining that it was untimely. Id. at 23-27. The California Supreme Court then denied a petition for review of that decision. Id. at 34. Petitioner now argues that the California Supreme Court's 2015 decision in People v. Johnson, 61 Cal.4th 674, 681-82 (2015) entitles him to a merits decision from this court on his claim that he is entitled to sentencing relief. ECF No. 1 at 5-8.

The court notes that petitioner has recast his claims in his response to the OSC. He now argues that he received ineffective assistance from the counsel who represented him in seeking resentencing. ECF No. 8 at 2-3. He also argues that his sentence is "disproportionate" in the context of the Eighth Amendment. Id. at 3-4. Petitioner states that his current sentence is disproportionate when compared to the sentences of prisoners convicted of similar crimes. Id.

**III.    Analysis**

Petitioner's claims, whether proceeding on the grounds raised in the petition or in his response, are not cognizable on federal habeas review. As noted in the court's previous order (ECF No. 5), petitioner's claims that the state courts erred in adjudicating his re-sentencing claims under § 1170.126 do not present a federal issue. Federal habeas relief is not available for petitions alleging only error in the state post-conviction review process. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that habeas court will not review state law questions); see also Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989) ("We join the majority [of circuits] and affirm the district court's holding that a petition alleging errors in the state post-conviction review process are not addressable through habeas corpus proceedings.").

Nor are petitioner's newly recast Sixth and Eighth Amendment claims cognizable. First, his Sixth Amendment claim pertains to the representation of counsel during post-conviction proceedings under § 1170.126. See ECF No. 8 at 3 ("Counsel failed to raise any argument or challenge . . . [to] the trial courts findings that petitioner was ineligible for resentencing on the spousal abuse and witness intimidation counts."). It is settled law that a criminal defendant has no right to counsel "beyond his first appeal in pursuing state discretionary or collateral review." Coleman v. Thompson, 501 U.S. 722, 756 (1991); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further"); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (finding that prisoner was not entitled to counsel under the Sixth Amendment where he sought a reduction of sentence under an amendment to the federal sentencing guidelines). Thus, petitioner cannot bring a claim based on his counsel's deficient performance in briefing and arguing his eligibility for resentencing under § 1170.126.

Second, petitioner's Eighth Amendment claim is non-cognizable insofar as it is not a challenge to the sentence he was given at the time of conviction; rather it challenges the state courts' decision not to resentence him under § 1170.126. ECF No. 8 at 3 ("[T]he trial court abused its discretion in not 'striking a strike' . . ."). As noted above, federal habeas relief is not available for a petition based exclusively on errors in the state post-conviction process. Franzen, 877 F.2d at 26. Petitioner may not transform his state law claim into a federal one merely by casting it as an Eighth Amendment challenge. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (holding that a petitioner may not transform a state law claim into a federal one by clothing it in federal constitutional language).

Moreover, the court concludes that petitioner would not be entitled to relief even if he were challenging the proportionality of his underlying sentence. First, it is far from clear that such a claim would be timely given that petitioner states that he was convicted in May of 2010 – more than six years before this petition was filed. ECF No. 1 at 1. Second, petitioner's three strike sentence of twenty-five years to life (id.) does not violate the Eighth Amendment's proportionality principle. In Lockyer v. Andrade, the Supreme Court noted that the contours of

3

the gross disproportionality principle "are unclear, applicable only in the exceedingly rare and extreme case." 538 U.S. 63, 73 (2003). Petitioner was convicted of violations of Cal. Penal Code § 422 (criminal threats), Cal. Penal Code § 273.5 (spousal abuse), and Cal. Penal Code § 136.1 (witness intimidation). ECF No. 1 at 17. After the trial court determined he had two prior strikes, he was sentenced to twenty-five years to life for each conviction, but the spousal abuse and witness intimidation sentences were stayed. Id. The Supreme Court has found that California's three strikes law does not violate the Eighth Amendment and it has upheld similar sentences for less serious crimes. See Lockyer, 538 U.S. at 77 (finding that a twenty-five year to life sentence under California three strikes law for stealing property worth less than 200 dollars was not a violation of clearly established federal law); Ewing v. California, 538 U.S. 11, 25-28 (2003) (upholding a twenty-five year to life sentence for felony of grand theft where defendant had previously been convicted of two violent or serious penalties).

**IV. Conclusion**

Petitioner has consented to magistrate judge jurisdiction. ECF No. 4. Accordingly, it is HEREBY ORDERED that:

1. The petition (ECF No. 1) is DISMISSED for failure to state a cognizable federal habeas claim; and

2. The Clerk of Court is directed to close this case.

DATED: August 31, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4